# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>PRECISE GRAPHIX, LLC,<br><br>        Debtor. | Chapter 7<br><br>Case No. 21-12663 (PMM) |
| LYNN E. FELDMAN, Esquire, as Chapter 7 Trustee for the Estate of PRECISE GRAPHIX, LLC,<br><br>        Plaintiff,<br> v.<br><br>WEIS MARKETS, INC,<br><br>        Defendant. | Adversary No. 22-_____ (PMM) |

## COMPLAINT TO (I) COMPEL TURNOVER OF PROPERTY OF THE DEBTOR'S ESTATE PURSUANT TO 11 U.S.C. § 542; (II) RECOVER PROPERTY FOR UNJUST ENRICHMENT; AND (III) RELATED RELIEF

Plaintiff, Lynn E. Feldman, Esquire, the Chapter 7 Trustee (the "Plaintiff") for the estate of Precise Graphix, LLC (the "Debtor"), by and through her undersigned special counsel Bielli & Klauder LLC, hereby files this Complaint against defendant Weis Markets, Inc. ("Weis") requesting the following relief: (i) compel turnover of property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 542; (ii) recover property for unjust enrichment; and (iii) related relief. In support thereof, the Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (E) and (O).

3. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. Through this adversary proceeding, Plaintiff seeks entry of judgment against the Defendant pursuant to 11 U.S.C. §§ 541 and 542.

5. Plaintiff states that she consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

6. As detailed below, Plaintiff, Lynn E. Feldman, Esquire, is the Chapter 7 Trustee for the bankruptcy estate of the Debtor.

7. The Defendant is a corporation formed under the laws of the Commonwealth of Pennsylvania, with a corporate office located at 1000 South Second Street, PO Box 471, Sunbury, Pennsylvania 17801.

8. Defendant owns and operates markets in Pennsylvania, Maryland, Virginia, New Jersey and New York.

9. As described below, the Defendant received goods and products from the Debtor which the Defendant accepted, but did not pay for, as such the amounts owed constitute property of the Debtor's estate and are recoverable by the Plaintiff.

## BACKGROUND

10. On September 28, 2021 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

11. On September 29, 2021, the Trustee was appointed as Chapter 7 Trustee for the Debtor and its estate.

12. The Debtor was owned and operated by two brothers and maintained headquarters in Pennsylvania. The Debtor provided different types of design services and products to its customers, including making designs using software for furniture, building layouts, concepts, etc. The Debtor also assisted in bringing the design to life with its manufacturing branch.

13. From November 2019 through July 2021, Defendant contracted with the Debtor for services and products for Defendant's various markets.

14. The Debtor provided services and products to the Defendant which were shipped directly to the Defendant's locations in Pennsylvania, Maryland, Virginia, New Jersey and New York.

15. Pursuant to the contractual terms between the Debtor and Defendant, payment for services and products was Net 10 Days of the Invoice Date.

16. During the course of the business relationship with the Defendant, the Debtor provided services and products, which aggregated no less than Eighty Two Thousand Three Hundred Eighty Six Dollars 32/100 ($82,386.32) ("Account Receivable"), to the Defendant solely for the benefit of the Defendant and the Defendant's various markets.

17. The Debtors books and records show that the Account Receivable was not paid and is due and owing to the bankruptcy estate.

18. On or about September 1, 2022, Plaintiff made a demand for turnover of property of the bankruptcy estate and payment of the Account Receivable. The Defendant has not replied to the Plaintiff's correspondence and has not paid the Account Receivable.

**COUNT I**
**(Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)**

19. The Plaintiff repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

20. On the Petition Date, the Debtor had an ownership interest in Account Receivable due and owing from Defendant in the aggregate amount of no less than Eighty Two Thousand Three Hundred Eighty Six Dollars 32/100 ($82,386.32).

21. The Account Receivable is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a).

22. Pursuant to 11 U.S.C. § 542(a), any party in possession, custody or control of property of the Debtor's bankruptcy estate must turn over and deliver such property or the value thereof to the Plaintiff.

23. Pursuant to 11 U.S.C. § 542(b), any party that owes a debt that is property of the Debtor's bankruptcy estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the Plaintiff.

24. Despite demand from the Plaintiff, the Defendant has failed to pay the Account Receivable, and as such, has failed to turn over and deliver such property of the bankruptcy estate to the Plaintiff.

25. Defendant's actions caused damage to the Plaintiff and the bankruptcy estate by requiring the Plaintiff to continue to incur administrative costs, in connection with collection of the Account Receivable.

26. Accordingly, pursuant to 11 U.S.C. § 542, Plaintiff is entitled to an order of the Court directing Defendant to immediately pay the Account Receivable and turnover the payment to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully request entry of a judgment in favor of the Plaintiff and against the Defendant requiring turnover of property of the estate in an amount not less than

Eighty Two Thousand Three Hundred Eighty Six Dollars 32/100 ($82,386.32), plus interest, attorney's fees and costs, and provide such other relief as the Court deems just and equitable.

## COUNT II
### (Unjust Enrichment)

27. The Plaintiff repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

28. The Debtor conferred a benefit on the Defendant in the form of services and products from November 2019 through July 2021.

29. Defendant received the services and products and appreciated the benefit.

30. Defendant accepted and retained the services and products from the Debtor.

31. Defendant was enriched as a result of receiving and retaining services and products of value from the Debtor without paying the Debtor for those services and products.

32. Under any circumstances, it is inequitable for Defendant to retain the benefit without paying for the value of the benefit.

33. This enrichment violates the law, equity and good conscience.

34. The enrichment is a breach of an enforceable agreement to pay the Debtor for the services and products.

35. By reason of the foregoing, this Court should compel Defendant to make restitution to the Plaintiff in the amount that the Defendant has been unjustly enriched, but no less than the aggregate amount of Eighty Two Thousand Three Hundred Eighty Six Dollars 32/100 ($82,386.32).

**WHEREFORE**, Plaintiff respectfully request entry of a judgment in favor of the Plaintiff and against the Defendant for damages resulting from the Defendant's unjust enrichment in an amount not less than $82,386.32, plus interest, attorney's fees and costs, and provide such other relief as the Court deems just and equitable.

## COUNT III
### (Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j))

36. The Plaintiff repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

37. Defendant is an entity from which property is recoverable under 11 U.S.C. § 542.

38. Defendant has not turned over to the Plaintiff the amounts due for which the Defendant is liable under 11 U.S.C. § 542.

39. Pursuant to § 502(d), any and all claims of Defendant and/or its assignee, against the Debtor's chapter 7 bankruptcy estates or Plaintiff must be disallowed.

40. Pursuant to § 502(j), any and all claims of Defendant, and or its affiliates, assignees or assigns, against the Debtor's chapter 7 bankruptcy estates, or Plaintiff, previously allowed by the Debtor or by the Plaintiff, must be reconsidered and disallowed.

41. The bankruptcy estate has been damaged by the Defendant's action herein, as such any and all claims of the Defendant should be disallowed.

**WHEREFORE**, Plaintiff respectfully request entry of a judgment in favor of the Plaintiff and against the Defendant in an amount not less than Eighty Two Thousand Three Hundred Eighty Six Dollars 32/100 ($82,386.32), plus interest, attorney's fees and costs, and provide such other relief as the Court deems just and equitable.

**BIELLI & KLAUDER, LLC**

Dated: October 18, 2022

*/s/ Thomas D. Bielli*
Thomas D. Bielli, Esquire (ID No.
Angela L. Mastrangelo, Esquire (ID No. 94339)
1905 Spruce Street
Philadelphia, PA 19103
Phone: 215-642-8271
Email: tbielli@bk-legal.com
Email: mastrangelo@bk-legal.com

*Special Counsel to the Chapter 7 Trustee*

6