IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------x
In re:                                                      :
                                                            :   In Chapter 13
JEROME HARRIS,                                              :
                                                            :   Bankruptcy No. 15-18265 (AMC)
        Plaintiff.                                          :
-----------------------------------------------------------x
-----------------------------------------------------------x
                                                            :
JEROME HARRIS,                                              :
                                                            :   Adv. Pro. No. 16-00431
        Plaintiff,                                          :
                                                            :
        v.                                                  :
                                                            :
PHILADELPHIA COUNTY SHERIFF'S OFFICE,                       :
                                                            :
    Defendant/Third-Party Plaintiff,                        :
                                                            :
        v.                                                  :
                                                            :
JEROME HARRIS, TIANA B. FOSTER,                             :
ROBERT HARRIS, LARRY HARRIS,                                :
TAMYRA N. HARRIS, ANN HARRIS,                               :
JENNIFER HARRIS, LISA HARRIS,                               :
JOHN DOES 1-10 AND JANE DOES 1-10,                          :
                                                            :
    Counter Claim Defendant and                             :
    Third-Party Defendants.                                 :
-----------------------------------------------------------x
```

## CONSENT ORDER

This consent order ("Consent Order") is made and entered into among the debtor/plaintiff/ counterclaim defendant Jerome Harris ("Debtor"), and defendant/third-party plaintiff the City of Philadelphia, sued as the Philadelphia County Sheriff's Office (referred to herein as the "City"), and Sheriff's Sale purchaser Truyen Truong ("Purchaser" and together with Debtor and the City, the "Parties") in resolution of the disputes concerning the Complaint Seeking Turnover of Property

of the Estate and Answer, Counterclaim and Third-Party Complaint for Interpleader. The Parties hereby agree as follows:

### RECITALS

WHEREAS, on December 5, 2016, Debtor filed a Complaint Seeking Turnover of Property of the Estate, Adversary Proceeding No. 16-00431, (the "Turnover Action") against the City.

WHEREAS, the Turnover Action sought turnover of excess proceeds following the August 27, 2015 Sheriff's Sale of 731 E. Vernon St. ("Property").

WHEREAS, Purchaser purchased the Property at the Sheriff's Sale for One Hundred and Twenty Thousand Dollars ($120,000.00) (the "Purchase Price").

WHEREAS, the City currently holds excess proceeds from the sale of the Property in an amount not more than $72,262.37 (the "Proceeds").

WHEREAS, Debtor sought the Proceeds for purposes of redeeming the Property through his Chapter 13 Plan filed in Bankruptcy Case No. 15-18265.

WHEREAS, the Chapter 13 Plan grants the Purchaser and allowed secured claim to be paid, in part, with the Proceeds.

WHEREAS, at the time the Property was sold, title to the Property was not held by Debtor.

WHEREAS, at the time the Property was sold, title to the Property was held by Jannie Harris, Mary E. Simms and James W. Harris, all of whom are deceased.

WHEREAS, on June 8, 2017, the City filed an Answer, Counterclaim and Third-Party Complaint for Interpleader ("Answer and Complaint for Interpleader"), seeking, among other things, an order requiring all known and putative heirs of Jannie Harris, Mary E. Simms and James W. Harris (the "Deceased") to interplead concerning their respective claims to the Proceeds.

WHEREAS, the Answer and Complaint for Interpleader also requested that the Court make a determination as to the respective rights of the Debtor and all known and putative heirs of the Deceased to the Proceeds.

WHEREAS, the Answer and Complaint for Interpleader also sought an order stating that, upon payment of the Proceeds into the Court's registry, the City be dismissed from the Turnover Action with prejudice and forever discharged from any liability in connection with, arising out of or relating to the Turnover Action and Proceeds.

WHEREAS, the Answer and Complaint for Interpleader also sought, among other things, an order enjoining the known and putative heirs of the Deceased from instituting any action against the City on account for the Proceeds or the failure to deliver the Proceeds to any of them.

WHEREAS, on September 8, 2017, the Debtor submitted to this Court Petitions for Disclaimer in accordance with 20 Pa. C.S.A. § 6201-6207 for Robert and Larry Harris who, with the Debtor, are purportedly the only heirs of Jannie M. Harris.

WHEREAS, on September 8, 2017, the Debtor submitted to this Court Disclaimers in accordance with 20 Pa. C.S.A. § 6201-6207 for Ann Harris, Lisa Harris and Jennifer Harris, who are purportedly the only heirs of James W. Harris.

WHEREAS, on September 8, 2017, the Debtor submitted to this Court a Notice of Renunciation & Disclaimer pursuant to the provision of New York Estates, Powers and Trusts Law § 2-1.11(b) for Tiana B. Foster, purportedly the sole surviving heir of Mary E. Simms.

WHEREAS, the Debtor affirms that the foregoing Petitions for Disclaimer, Disclaimers and Notice of Renunciation & Disclaimer have been filed in the appropriate probate courts.

WHEREAS, the Debtor affirms that he, Robert Harris, Larry Harris, Ann Harris, Lisa Harris, Jennifer Harris and Tiana B. Foster are the only surviving heirs of the Deceased.

WHEREAS, the Parties have agreed to resolve disputes related to the Turnover Action, Answer and Complaint for Interpleader and Chapter 13 Plan.

NOW THEREFORE, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:

1. This Court has determined the Debtor is the only surviving heir of the Deceased who has not disclaimed their rights and interest in the Property and the Proceeds.

2. Within sixty (60) days of approval of this Consent Order, the City shall turn over the Proceeds to Purchaser by check made payable to Douglas R. Lally, Esquire for Truyen Troung.

3. Within sixty (60) days of approval of this Consent Order, the City shall provide Purchaser and Debtor an accounting of any distributions made from the Purchase Price.

4. Upon payment of the Proceeds to Purchaser, the Debtor shall dismiss, with prejudice, the Turnover Action and the Parties shall bear their own attorney's fees and costs in connection therewith.

5. Upon payment of the Proceeds to Purchaser, the City shall be forever discharged from liability to the Debtor, Purchaser and any heirs of the Deceased with respect to any liability in connection with, arising out of or relating to the Turnover Action and Proceeds.

6. Upon payment of the Proceeds to Purchaser, the Debtor, Purchaser and any heirs of the Deceased are enjoined from instituting any action against the City on account for the Proceeds or the failure to deliver the Proceeds to any of them.

7. The Parties acknowledge that this Consent Order is the joint work product of all Parties and that, accordingly, in the event of ambiguities in this Consent Order, no inferences will be drawn against any party.

8. This Court will retain jurisdiction over any and all disputes arising out of or otherwise relating to this Consent Order.

[signature]
Michael P. Kutzer, Esq.
420 Walnut Street, Suite 1188
Philadelphia, PA 19102
Attorney for the Debtor

Dated: 10/1/17

[signature]
Megan N. Harper
Deputy City Solicitor
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA 19102-1595
Attorney for the City

Dated: 10/4/17

[signature]
Douglas R. Lally, Esq.
261 Old York Road
Jenkintown, PA 19047
Attorney for the Purchaser

Dated: 9/26/17

SO ORDERED AND APPROVED

Dated: _____

_____
HONORABLE ASHELEY M. CHAN
UNITED STATES BANKRUPTCY JUDGE